UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

                                                 20-mc-203 (PKC)

IN RE EX PARTE APPLICATION OF SYLVIA
BENEDEK KLEIN AND ELAINE BENEDEK
SEGAL

                                                <u>ORDER</u>

-----------------------------------------------------------x

CASTEL, U.S.D.J.

       This is the second ex parte application of Sylvia Benedek Klein and Elaine

Benedek Segal (the "Applicants") to take discovery in aid of foreign proceedings in the

Federative Republic of Brazil.  28 U.S.C. § 1782.  Their original application sought the issuance

of subpoenas directed to the Clearing House Payments Company LLC ("CHIPS") and the

Federal Reserve Bank of New York (the "Fed-NY").  On May 5, 2020, the judge siting in Part I

granted the original application, implicitly finding that the statutory requirements of 28 U.S.C. §

1782 were satisfied and the factors set forth in <u>Intel v. Advanced Micro Devices, Inc.</u>, 542 U.S.

241 (2004), weighed in favor of granting the application.

       Based on the discovery received from the initial subpoenas to the CHIPS and Fed-

NY, Applicants now seek the issuance of eight additional subpoenas (the "Revised

Subpoenas").[1]  Two of the Revised Subpoenas seek additional discovery from the CHIPS and

Fed-NY for four individuals or entities not previously covered by the initial subpoenas.  (Supp.

De Luca Decl. dated January 23, 2021, Ex. A and Ex. B).  The remaining Revised Subpoenas

seek discovery from six financial institutions covering the information of twenty-two individuals

or entities.  (<u>Id.</u>, Ex. C–Ex. H).

---

[1] On January 23, 2021, following the Court's decision in <u>In re Abdalla</u>, 20-mc-727 (PKC), 2021 WL 168469
(S.D.N.Y. Jan. 19, 2021), the Applicants submitted revised subpoenas as revised exhibits A-H to the Supplemental
Declaration of E. Martin De Luca.  (Supp. De Luca Decl. dated January 23, 2021; (Doc 12)).

On this ex parte application, the Court will not revisit the implicit finding of the Judge sitting in Part I that the mandatory requirements and discretionary factors to take discovery in aid of the Brazilian proceeding have been satisfied.  Accordingly, the Court will grant Applicants' current request for discovery pursuant to Section 1782 on the conditions set forth in the conclusion of this Order.

Additionally, on May 5, 2020, the Applicants sought and obtained sealing for their original application under section 1782 and the resulting subpoenas.  The Applicants now request that the Court seal their second application and grant a gag order prohibiting the targets of the subpoenas from disclosing the subpoenas' existence.  In In re Abdalla, 20-mc-727 (PKC), 2021 WL 168469 (S.D.N.Y. Jan. 19, 2021), the Court denied a similar request to seal applicant's Section 1782 application and explained:

> Applications for issuance of subpoenas pursuant to section 1782 are often made ex parte.  The Court first decides whether the issuance of a subpoena is appropriate on the face of the ex parte application.  If it is, the subpoena is issued and the person or entity to whom the subpoena is directed may timely object.  The Second Circuit has long held that a person whose information is the target of a section 1782 application also has standing to challenge the validity of its issuance.  Application of Sarrio, S.A., 119 F.3d 143, 147–48 (2d Cir. 1997) . . . . The person whose information is sought may object on grounds, including that the subpoena was improperly issued under section 1782, the discovery sought is protected from disclosure by a privilege belonging to the person or the information sought ought to be protected by an order limiting its use.

2021 WL 138469, at *1.

Because Applicants have shown no valid basis for this extraordinary relief, Applicant's request for continued sealing and for an Order barring disclosure will be denied. The action will be unsealed in its entirety.

CONCLUSION

The application is GRANTED in part and DENIED in part.  Applicants are authorized to issue the Revised Subpoenas on condition that the Revised Subpoenas and a copy of this Order are contemporaneously served on defendants in the Brazilian proceeding.[2]  Service shall be made in accordance with the Federal Rules of Civil Procedure.  See 28 U.S.C. § 1782 ("To the extent that the order does not prescribe otherwise . . . the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."); Rule 45(a)(4), Fed. R Civ. P. ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.").

Any further foreign discovery application by Applicants or objections to issuance of such discovery should be filed under this docket or marked as related.  Applicants' requests for a sealing order and an order prohibiting the recipients of the subpoenas from disclosing the subpoenas is DENIED.  The Clerk is directed to unseal the docket and all entries on the docket and terminate the motion.  (Doc 9).

The Clerk is also directed to review Applicants' counsel motions for admission pro hac vice that were previously filed under seal.  (Docs 3 and 4).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
          February 17, 2021

---

[2] The Applicants identify the defendants in the Brazilian proceeding as Gertrudes Benedek, Alexandre Roberto Benedek, Vivian Noemy Benedek Moas and Evelyn Benedek Shtibelman.