# MAYER | BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Michael O. Ware**
T: +1 212 506 2593
F: +1 212 849 5593
MWare@mayerbrown.com

April 8, 2021

BY ECF AND FAX

Hon. P. Kevin Castel
United States District Judge
500 Pearl St.
New York, N.Y. 10007

Re:  Ex parte Application of Klein
     20 Misc. 203 (PKC)

> Compliance with subpoenas stayed pending further order of the Court. The subpoenaed parties shall preserve all documents.
>
> SO ORDERED.
> Dated: 4/12/2021
>
> _P. Kevin Castel_
> P. Kevin Castel
> United States District Judge

Urgent Motion Related To Discovery

Dear Judge Castel:

This is an emergency discovery motion by Gertrudes Benedek and three of her adult children, Alexandre R. Benedek, Vivian Noemy Benedek Moas and Evelyn Benedek (together the "Gertrudes Group"). The four members of the Gertrudes Group are the defendants in a Brazilian lawsuit, called an *Ação de Sonegados*, filed by the Applicants herein, Sylvia Benedek Klein and Eliane Benedek Segal. The Applicants are also adult daughters of Gertrudes. No conferences before the Court are presently scheduled, but we would welcome the opportunity to discuss these matters with the court right away.

Under the authority of a § 1782 order entered February 17, 2021, on March 12, 2021, the Applicants issued subpoenas to eight U.S. financial institutions seeking a very broad range of financial information on dozens of persons and companies for a period of many years. The subpoenas are returnable April 12.

Because the § 1782 orders were improvidently granted on a distorted record, we have today submitted a Pre-Motion Letter (ECF No. 35) on a motion to vacate the orders, to quash the subpoenas and to dismiss this proceeding (and if necessary to intervene).

In virtually every § 1782 case in this procedural posture, the applicant agrees to suspend enforcement of the subpoenas until the court rules on the propriety of their issuance. Here, by contrast, the Applicants have been badgering the witnesses to complete document productions before April 12.

Applicants have offered only that they will not use materials the witnesses produce until after the Court rules on the motion – but only if (a) two *Ação de Sonegados* defendants presently in Israel waive Hague service of the *Ação de Sonegados* and (b) the Gertrudes Group agrees that there

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Hon. P. Kevin Castel
April 8, 2021
Page 2

will be no material transactions in any account with any of the financial-institution witnesses until after the Court overrules the motion *and* Applicants have had a period of time in which to take action against assets identify from the witnesses' productions. The Gertrudes Group has other counsel in the *Ação de Sonegados*; I do not know what considerations inform decisions in that case about service of process, but I will ask them to consider waiving service. The idea of a *Mareva*-style asset freeze, however, is absurd. It is said to be necessary to avoid dissipation, but there is no explanation for why a Gertrudes Group member wanting to take assets beyond reach would not have acted already. The demand undermines the § 1782 action by suggesting that its purpose is not to provide evidence for the *Ação de Sonegados*, which as our Pre-Motion Letter demonstrates is not interested in assets outside Brazil, but instead to identify attachable assets in other countries for litigation in those countries.

We therefore ask that the Court issue an order staying the March 12 subpoenas pending further order.

*   *   *

Less urgently, Applicants have refused to share with us the materials they received from the witnesses subpoenaed in 2020. We are offered access only to documents concerning "entities or individuals … that [Mayer Brown] either represents or that [Mayer Brown] confirms[s] are owned or controlled by the Brazilian Defendants that [Mayer Brown] represent[s]."

That makes no sense. Applicants' indiscriminate subpoenas were certainly a fishing expedition, and the nets probably pulled in all sorts of fish besides what Applicants were looking for. But Applicants hold that material, extraneous or not, by virtue of their status as litigants opposed to the Gertrudes Group in the *Ação de Sonegados*. There is no basis to withhold anything, and we request that Applicants be directed to share with us what they collected in 2020.

*   *   *

I have conferred extensively on the subjects of this motion with Applicants' attorney, Martin de Luca of Kobre & Kim, but the matters could not be resolved.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Michael O. Ware

Michael O. Ware

Hon. P. Kevin Castel
April 8, 2021
Page 3

cc by email:

    E. Martin de Luca, Esq.
    Scott C. Nielson, Esq.
    (Kobre & Kim São Paulo)