# MAYER | BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

November 11, 2022

Michael O. Ware
T: +1 212 506 2593
MWare@mayerbrown.com

BY ECF AND FAX

Hon. P. Kevin Castel
United States District Judge
500 Pearl St.
New York, N.Y. 10007

*Having considered the application for a stay (Doc 85) and the response thereto (Doc 86) the application is DENIED.*

*SO ORDERED.*

*[signature] USDJ*
*11-18-22*

Re:     Ex parte Application of Klein
        20 Misc. 203 (PKC)

Dear Judge Castel:

This is a motion by Gertrudes Benedek, Alexandre R. Benedek, Vivian Noemy Benedek Moas and Evelyn Benedek (together the "Gertrudes Group") for an interim stay of compliance with § 1782 subpoenas Applicants Sylvia Benedek Klein ("Sylvia") and Eliane Benedek Segal ("Eliane") served on or about November 4 under the Court's Opinion and Order of October 26 (ECF 83, the "Subpoenas Ruling"). No conferences before the Court are presently scheduled, but we would welcome the opportunity to discuss these matters at the Court's first convenience.

On November 8, the Gertrudes Group filed a motion (ECF 84) under Fed. R. Civ. P. 59(e) to reconsider and amend the Subpoenas Ruling in light of the fact that the Brazilian Probate Court's decision dismissing the § 1782 predicate action, the *Ação de Sonegados*, became final in that court on October 17. The Rule 59(e) motion asks that proceedings here be stayed while Sylvia and Eliane pursue appeals in Brazil. Discovery would resume if the *Ação de Sonegados* is reinstated; this proceeding would be dismissed as moot if Sylvia and Eliane's appeals are not successful.

The Rule 59(e) motion evaluates two possible alternative predicates, (i) what the parties' papers have called the Inventory Proceeding and (ii) Sylvia and Eliane's expected appeal from the dismissal of the *Ação de Sonegados*. The Inventory Proceeding cannot serve as a § 1782 predicate because it is not "adjudicative" as required under Circuit precedent. Nor is the expected appeal a good reason for discovery to proceed now. The Probate Court was well aware that Benedek family members and family-associated companies have interests in assets outside Brazil. The court even had before it the US transactional data Sylvia and Eliane obtained here under prior § 1782 orders. The Probate Court nevertheless ruled clearly and as a matter of law that assets outside Brazil, and assets held through corporate structures, have no bearing on Brazilian probate proceedings. Appellate records do not close in Brazil as they do here; Sylvia and Eliane could theoretically place material generated by the current subpoenas before the Brazilian appellate courts. But that is hardly "for use," as required by § 1786, because additional

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Hon. P. Kevin Castel
November 11, 2022
Page 2

financial records will not change the information mix available in the Brazilian appellate proceedings. Even if adding cumulative and redundant material to the Brazilian appellate record is technically "for use," the Rule 26 analysis has changed. Discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Probate Court ruled as a matter of law, not fact. There is no "need" whatsoever for additional evidence illustrating the undisputed proposition that the family has extensive interests in assets outside Brazil.

The subpoenas are returnable December 5. An interim stay of compliance is appropriate to preserve the status quo while the Rule 59(e) motion is pending. Without an interim stay, Sylvia and Eliane may well obtain confidential financial records to which they are not entitled. Meanwhile, an interim stay would cause them no prejudice. With the only predicate action dismissed, there is no immediate use for the materials they seek (other than to place cumulative and redundant materials before the Brazilian appellate courts).

The parties met and conferred in advance of this motion. The process was professional and polite, but we were unable to form any agreements on how to handle the subpoenas while the Rule 59(e) motion is pending.

We thank the Court for its consideration.


Respectfully submitted,

   /s/ Michael O. Ware

Michael O. Ware


cc by ECF:

   E. Martin de Luca, Esq.
   Scott C. Nielson, Esq.
   (Kobre & Kim São Paulo)