UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – x

In re Ex Parte Application of              :       20 Misc. 203 (PKC)
                                                   ECF Case
SYLVIA BENEDEK KLEIN and ELIANE            :
BENEDEK SEGAL,                                     [PROPOSED] PROTECTIVE
                                           :       ORDER

                            Applicants.    :

– – – – – – – – – – – – – – – – – – – – x



        WHEREAS, this Court's Opinion and Order of May 18, 2022, granted in part and

denied in part an application by applicants Sylvia Benedek Klein ("Sylvia") and Eliane

Benedek Segal ("Eliane") for international discovery assistance under 28 U.S.C. § 1782,

and directed the submission of proposed subpoenas; and,

        WHEREAS, this Court's Opinion and Order of October 26, 2022, sustained in part

and overruled in part objections, interposed by intervenors Gertrudes Benedek Alexandre

R. Benedek, Vivian Noemy Benedek Moas and Evelyn Benedek (together the "Gertrudes

Group"), to Sylvia and Eliane's proposed subpoenas and authorized the service of

subpoenas (the "Subpoenas") on five financial institutions (each, an "Institution") for the

production of financial records (the "Produced Records") concerning members of the

Gertrudes Group, members of the families of the Gertrudes Group, and companies Sylvia

and Eliane allege to be associated with the Gertrudes Group; and,

        WHEREAS, it is expected that some of the Produced Records may contain private

and confidential financial information of the Gertrudes Group; and,

        WHEREAS, the Gertrudes Group has requested the entry of this Protective Order

to permit the Produced Records to be used as authorized by this Court's prior Orders

without unduly compromising the financial privacy of the persons mentioned therein; and,

        WHEREAS, Sylvia and Eliane consent to entry of this Protective Order,

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to 28 U.S.C. § 1782 and Federal Rule of Civil Procedure 26(c), as follows:

1. **Purpose**

This Protective Order is intended to protect documents, things, and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that are produced or disclosed pursuant to the Subpoenas.

2. **Definitions**

As used in this Protective Order:

a. "Copy" or "Copies" shall mean any depiction, reproduction, or sample of any document, material, tangible thing, audio or video tape, computer disk, flash drive, hard drive, or information, regardless of format, by photographic, scanning, imaging, recording, manual input, or other electronic, magnetic, optical, or manual reproduction means.

b. "Counsel" shall mean Kobre & Kim LLP for Sylvia and Eliane, Mayer Brown LLP for the Gertrudes Group; additional counsel who may file notices of appearance in this proceeding; and other counsel who have executed Exhibit A, including all attorneys, staff, and clerical and support personnel affiliated with or employed by such counsel.

c. "Probate Court Proceedings" shall mean: (i) probate proceedings concerning the Estate of Emanuel Benedek, Proceeding No. 045842-21.2016.8.26.0100, in Fifth Family and Probate Court of the Central District of São Paulo, Brazil (the "Probate Court"); (ii) the *Klein v. Benedek* Ação de Sonegados, Proceeding No. 1018413-40.2020.8.26.010, also in the

Probate Court; and, (iii) appeals, motions and applications in Brazil and taken from or arising in (i) and (ii) above.

d.　"Additional Brazilian Proceedings" shall mean actions or proceedings in the Brazilian courts, other than the Probate Court Proceedings, to investigate or to assert claims relating to Emanuel Benedek's estate and his patrimony, and appeals, motions and applications taken from or arising therein.

e.　"Other Country Proceedings" means actions or proceedings in the courts of any country other than Brazil, and appeals, motions and applications taken from or arising therein, in which the use of CONFIDENTIAL. INFORMATION has been authorized under Section 4.c and 4.c below.

f.　"S&E Litigation" means the Probate Court Proceedings, any Additional Brazilian Proceedings and any Other Country Proceedings.

g.　"Party" or "Parties" shall mean Sylvia and Eliane and the members of the Gertrudes Group.

h.　"Advisors" shall mean the spouses and children of Sylvia and Eliane.

i.　"Mediators" shall mean persons, if any, appointed to mediate disputes between Sylvia and Eliane on the one hand and members of the Gertrudes Group on the other concerning Emanuel Benedek's estate and his patrimony.

j.　"Prohibition Order" shall mean a ruling of this Court that a proposed use of CONFIDENTIAL INFORMATION is not authorized under this Protective Order.

k.    "Stay Order" shall mean an interim order forbidding the proposed use of CONFIDENTIAL INFORMATION during the pendency of an application for a Prohibition Order.

**3.**    **General Limitation on Use of Confidential Information**

Produced Records designated under Section 6 below as CONFIDENTIAL INFORMATION may be used by Sylvia and Eliane only to investigate or to assert claims relating to Emanuel Benedek's estate and his patrimony and for no other purpose. The restrictions on use of CONFIDENTIAL INFORMATION imposed herein apply equally to excerpts, summaries, compilations, or other derivatives of CONFIDENTIAL INFORMATION.

**4.**    **Specific Uses**

a.    CONFIDENTIAL INFORMATION may be used in the Probate Court Proceedings and in any Additional Brazilian Proceedings.

b.    CONFIDENTIAL INFORMATION may be used to pursue additional discovery in the United States under 28 U.S.C. § 1782 for the purpose of investigating claims relating to Emanuel Benedek's estate and his patrimony, but prior to such use Sylvia and Eliane shall meet and confer with Gertrudes Group Counsel (a) to seek consent; (b) to discuss the form and manner of notice to affected persons other than the Gertrudes Group; and, (c) any relevant partial sealing questions. Future applications under § 1782 shall be on notice to Gertrudes Group Counsel.

c.    Except as provided in paragraph 4.b above for additional applications under 28 U.S.C. § 1782, should Sylvia and Eliane desire to use CONFIDENTIAL INFORMATION in the courts of any country other than Brazil, they shall deliver notice to Gertrudes Group Counsel of the proposed use, identifying

4

the CONFIDENTIAL INFORMATION to be used and specifying the

forum, the nature of the action, the action's docket number if available, the

parties, and the relief sought, together with an explanation of how the

proposed use represents the investigation or assertion of claims relating to

Emanuel Benedek's estate and his patrimony.  From delivery of that notice,

the Gertrudes Group or any other affected person will have 21 days

to obtain either a Stay Order or a Prohibition Order.  If neither a Stay Order

nor a Prohibition Order is in place at 12:00 P.M. New York on the first day

the Court is generally open for business at least 21 days from delivery of

the notice, then Sylvia and Eliane may proceed with the proposed use of

CONFIDENTIAL INFORMATION.  For purposes of this paragraph, the

Court is not considered generally open for business on the Wednesday

before and the Friday after Thanksgiving.

5.     **Confidential Information Defined**

"CONFIDENTIAL INFORMATION" shall mean Produced Records that reflect or

contain (i) proprietary information, personal financial information, or commercially

sensitive information that would not normally be revealed to third parties without a

confidentiality obligation. CONFIDENTIAL INFORMATION does not include

information that is generally available to the public. To the extent CONFIDENTIAL

INFORMATION becomes public information through breach of this Protective Order,

such material will remain CONFIDENTIAL INFORMATION.

6.     **Designation Process**

a.     Every time an Institution produces documents, a set will be provided to

Gertrudes Group Counsel, who will review the documents and designate

with a stamp those documents they believe contain CONFIDENTIAL

INFORMATION as it is defined in Section 5 above. The designations are to be supplied to Sylvia and Eliane within ten business days of receipt by Gertrudes Group Counsel, except that designations for documents received by Gertrudes Group Counsel prior to the entry of this Protective Order are due 14 days after that entry.

7.    **Access to Confidential Information**

a.    CONFIDENTIAL INFORMATION shall be made available only to those persons identified as QUALIFIED PERSONS, as defined in Section 8 herein.

b.    Access to CONFIDENTIAL INFORMATION shall be permitted only to persons having access thereto under the terms of this Protective Order. No CONFIDENTIAL INFORMATION shall be permanently retained or stored at the offices or facilities of Sylvia and Eliane, their Counsel or other QUALIFIED PERSONS after the conclusion of the S&E Litigation.

c.    Nothing in this Protective Order shall prevent a Party from using any CONFIDENTIAL INFORMATION in a hearing, trial, proceeding, or appeal in the S&E Litigation, provided that Sylvia and Eliane shall take reasonable steps to obtain an order to file CONFIDENTIAL INFORMATION under seal under applicable forum law, to the extent that proceedings are not already sealed.

d.    In the event that the S&E Litigation is terminated, or Sylvia and Eliane cease to engage in the litigation of the S&E Litigation, access by QUALIFIED PERSONS to the CONFIDENTIAL INFORMATION shall be terminated, and the provisions of this Protective Order shall otherwise remain in full force and effect as to such QUALIFIED PERSON.

However, notwithstanding this requirement, Parties and their Counsel may retain CONFIDENTIAL INFORMATION incorporated into court filings, pleadings, motions and trial briefs, written discovery responses, trial transcripts, attorney work product, and communications for archival purposes.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

e.    Notwithstanding any other provision, no document may be filed with the Clerk of this Court under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the procedure laid out earlier in this paragraph, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Fed. R. Civ. P. 5.2 to this case. The redactions

expressly authorized by Rule 5.2 may be made without further application to the Court.

## 8.     Persons Permitted to Access Confidential Information

The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any person or entity except "QUALIFIED PERSONS." "QUALIFIED PERSONS" are defined as: (i) the Parties; (ii) Counsel; (iii) an Advisor or Mediator who has executed an Agreement to Abide by Protective Order in the form attached hereto as Exhibit A; (iv) consultants and retained experts of a Party, but only to the extent that any Counsel of Sylvia and Eliane or the Gertrudes Group determine in good faith that the consultant or retained expert's assistance is reasonably necessary, and only after the proposed expert or consultant has executed an Agreement to Abide by Protective Order in the form attached hereto as Exhibit A; (v) this Court and the courts before which the S&E Litigation is conducted; (vi) court reporters and recorders serving the S&E Litigation; (vii) those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, but only after those persons have executed an Agreement to Abide by Protective Order in the form attached hereto as Exhibit A; (viii) witnesses at depositions, trial, or other proceedings, to whom disclosure is reasonably necessary, except such witnesses shall not retain a copy of documents containing Confidential Information, except in connection with review of any transcript associated with the S&E Litigation, but only after such witness has executed an Agreement to Abide by Protective Order in the form attached hereto as Exhibit A; (ix) the author or recipient of the document (not including a person who received the document in the course of litigation) and persons whose CONFIDENTIAL INFORMATION they

contain; and, (x) other persons only by written consent of Gertrudes Group Counsel or upon order of this Court, in either event on such conditions as may be agreed or ordered.

9. **Procedure to Challenge Confidential Status of a Given Produced Record**

    a.    At any time Sylvia and Eliane may ask Gertrudes Group Counsel in writing to agree that a CONFIDENTIAL INFORMATION designation be removed from a given Produced Record. Gertrudes Group Counsel will respond in writing within seven calendar days, or on or before the following business day if the seventh calendar day falls on a weekend or holiday, either (a) agreeing that the Produced Record in question need not be treated as CONFIDENTIAL INFORMATION, or (b) explaining their reasons for refusing to agree. If Sylvia and Eliane are not satisfied with the explanation, a meet-and-confer process will precede any application to ask this Court to remove the designation.

    b.    Notwithstanding any objections as described above, Produced Records designated as CONFIDENTIAL INFORMATION shall be treated as such and shall be subject to the provisions hereof unless and until the Gertrudes Group agrees, or this Court orders, otherwise.

    c.    Any disclosure of CONFIDENTIAL INFORMATION under this Order shall not serve as a basis for challenging the designation of the CONFIDENTIAL INFORMATION in question.

10. **No Waiver or Limitation**

Nothing in this Protective Order shall be construed to limit the Gertrudes Group's use of its own documents, things, or information, nor shall anything in this Order prevent Gertrudes Group from disclosing CONFIDENTIAL INFORMATION to any person.

CONFIDENTIAL INFORMATION subsequently voluntarily made public by Gertrudes Group will no longer be treated as CONFIDENTIAL INFORMATION.

**11.** **Inadvertent or Unintentional Disclosure of Protected Information**

    a.    If any CONFIDENTIAL INFORMATION is disclosed, inadvertently or otherwise, to a person other than a QUALIFIED PERSON then: (i) the person disclosing the information shall use its best efforts to retrieve the information and ensure that any copies thereof disclosed to such other person or party are promptly destroyed; (ii) such person shall be informed promptly of all the provisions of this Protective Order by the disclosing person; (iii) such person shall be identified immediately to the Gertrudes Group; and (iv) the person to whom disclosure was made shall be requested to sign an Agreement to Abide by Protective Order in the form of Exhibit A hereto. The signed Agreement shall then be served on the Gertrudes Group.

    b.    Nothing in this Section shall affect the Gertrudes Group's remedies under this Protective Order or otherwise for unauthorized disclosure of CONFIDENTIAL INFORMATION.

**12.** **Survival of Obligations**

    a.    All of the provisions of this Protective Order shall survive the conclusion of the S&E Litigation and shall continue to be binding after the conclusion of the S&E Litigation unless subsequently modified by agreement among the Parties or by order of this Court.

    b.    For purposes of enforcing this Protective Order and resolving any disputes arising hereunder, Sylvia, Eliane and the Gertrudes Group consent to continuing jurisdiction of this Court.

**13.** **Relief From Protective Order**

Entry of this Protective Order shall be without prejudice to the application by any

person:

     a.     for relief from any restriction contained herein; or

     b.     for any order compelling or further restricting the production or use of any

           Produced Records.

The parties may amend or modify any provision of this Order by mutual

agreement, which shall become effective when embodied in a written stipulation approved

by this Court.

**14.** **Persons Bound**

This Order shall take effect when entered and shall be binding upon the Parties,

their Counsel, and persons made subject to this Order, including those who execute

Exhibit A.

     SO ORDERED.

Dated:  New York, New York

     January  18 , 2023

                                   Hon. P. KEVIN CASTEL
                            United States District Judge

Exhibit A

Qualified Person

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – x

|  |  |  |
|---|---|---|
| In re Ex Parte Application of | : | 20 Misc. 203 (PKC)<br>ECF Case |
| SYLVIA BENEDEK KLEIN and ELIANE<br>BENEDEK SEGAL, | : | |
| | : | **AGREEMENT TO ABIDE**<br>**BY PROTECTIVE ORDER** |
| Applicants. | : | |
| | : | |

– – – – – – – – – – – – – – – – – – – – x

I, _____, being duly sworn, state that:

1. My address is _____

_____

2. My present occupation or job description is _____

_____

3. I hereby acknowledge that I have read the "Stipulated Protective Order" ("PROTECTIVE ORDER") herein, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

4. I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive or have already inadvertently received information designated as CONFIDENTIAL INFORMATION in this proceeding, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER. I agree not to reveal any CONFIDENTIAL INFORMATION or any notes containing CONFIDENTIAL INFORMATION to anyone not authorized to receive such information pursuant to

the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any CONFIDENTIAL INFORMATION for any purpose other than directly associated with my duties in this litigation.

5.      I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting CONFIDENTIAL INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER. I understand that all copies of any such materials are to remain in my custody until the conclusion of the S&E Litigation (as defined in the Protective Order) or the completion of my assigned duties, whichever comes first, whereupon the copies are to be returned to Counsel for the Gertrudes Group (as defined in the Protective Order) and electronic copies destroyed. Such return and destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.

6.      I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any CONFIDENTIAL INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.

7.      I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Southern District of New York in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

8.      I further understand that the PROTECTIVE ORDER is enforceable under the laws applicable in the U.S. District Court for the Southern District of New York. If I violate the PROTECTIVE ORDER in any manner, I may be subject to remedies

and/or penalties as the U.S. District Court for the Southern District of New York

may deem appropriate.

Signature: _____

Date: _____